IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECILIA HUGHES, ) | |
| ) | Civil Action No. 2:23-cv-1775 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DUQUESNE UNIVERSITY OF ) | |
| THE HOLY SPIRIT, ) | |
| and JAMES MILLER, as an ) | |
| aider and abettor of discrimination, ) | |
| ) | |
| Defendants, ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, CECILIA HUGHES, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended).  Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.      Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3.      Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

   a.   On or about November 22, 2022, Plaintiff filed a charge alleging discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

   b.   Plaintiff received a Notice of the Right to Sue dated July 28, 2022 and;

   c.   Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5.      Plaintiff, Cecilia Hughes, is an adult female individual who resides in Somerset County, Pennsylvania.

6.      Defendant, Duquesne University of the Holy Spirit ("Duquesne"), is now, and was at all times relevant to Plaintiff's claims, a private institution of higher education with a registered principal address 600 Forbes Avenue, Pittsburgh, Pennsylvania, 15282.

7.      Defendant, James Miller ("Miller"), is an adult individual who resides in Allegheny County, Pennsylvania, and, at all times relevant hereto, was employed by Duquesne as a Senior Vice President for Advancement. At all times relevant hereto, Defendant Miller purported to act within the full scope of his office and employment. At all times relevant hereto, Defendant

Miller was, and acted as, an aider and abettor to the unlawful discrimination described hereinafter below.

8.   At all times relevant hereto, the Duquesne was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

9.   The actions of the Defendants, and each of them, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  All of the acts described below were committed by the Defendants with reckless disregard and/or deliberate indifference to the rights of the Plaintiff.  As a direct and proximate result thereof, Defendants violated the Plaintiff's federally protected rights, as described herein.

## FACTUAL ALLEGATIONS

10.   Plaintiff was employed by Defendant University from in or about July 2005 until her unlawful termination on or about October 3, 2022.  At the time of the Plaintiff's termination, she held the position of Gift Planning Officer/Program and Process Manager.

11.   Throughout the Plaintiff's more than 17-year employment with Defendant University, younger, less experienced, and/or less qualified employees and/or male employees have been treated more favorably than the Plaintiff by the Defendants.

12.   In or about July of 2021, Defendant University restructured its Donor Relations department and Plaintiff was demoted from her position as Planned Giving Officer/Donor Fund Administrator.

13.   At the time that the Plaintiff was demoted, as described hereinbefore above, Stacie Conto ("Conto"), a significantly younger employee, without any experience in Donor Relations, was promoted to Director of Donor Relations.

3

14. As Director of Donor Relations, Ms. Conto replaced the Plaintiff in her duties, despite Ms. Conto's lack of experience, and the Plaintiff was demoted from Donor Relations.

15. A significantly younger, male employee, Adam Viers ("Viers") was also promoted at the time that the Plaintiff was demoted.

16. Thereafter, Plaintiff made complaints to representatives of Defendant University of age and/or sex discrimination by Defendant University and/or Defendant Miller.

17. Other similarly situated employees also made complaints of age and/or sex discrimination, at that time.

18. Thereafter, on or about November 9, 2021, Plaintiff's job title was changed to Gift Planning Office/Program and Process Manager. That title change did not result in any raise in salary.

19. In or about September of 2022, a donor made a large commitment to Defendant University. Plaintiff was not involved in that commitment.

20. On or about September 9, 2022, Plaintiff received an Instagram message from a friend and graduate of Defendant University about the aforementioned commitment. Plaintiff believed that the message was private.

21. At that time, Plaintiff made a comment about the aforementioned commitment. Plaintiff believed that the comment was a private message.

22. Shortly thereafter, Plaintiff was contacted by her direct supervisor, Mary Frances Dean ("Dean"). Ms. Dean informed the Plaintiff that she received a voicemail from Defendant Miller in which Defendant Miller stated that the comment made by the Plaintiff regarding the commitment was a public comment and that the Plaintiff was to remove it immediately.

23. Plaintiff was unaware that her comment was publicly visible and removed the comment as soon as she was made aware by Ms. Dean and in accordance with her directive to delete the post.

24. About one (1) hour late, Plaintiff received a text message from Defendant Miller which stated that the comment was to be removed.

25. Plaintiff then verified that it had been removed, as directed by Ms. Dean.

26. Plaintiff's message was publicly visible approximately one (1) hour.

27. On or about September 12, 2022, Plaintiff notified Defendant University that she tested positive for COVID-19 and would not return to the office for a week, at minimum, per Defendant University's COVID-19 protocols.

28. Thereafter, Defendant University informed the Plaintiff that she was being placed on paid suspension for the aforementioned Instagram public post.

29. Defendant Miller made the decision to place the Plaintiff on administrative leave. Defendant Miller's actions were motivated not by any policy of Defendant Duquesne, but rather by the Plaintiff's age and/or sex and/or a desire to retaliate against the Plaintiff for complaining of discrimination.

30. On or about September 26, 2022, Plaintiff was instructed to participate in an investigative interview via Zoom with Senior Vice President of Associate of Advancement Operations, Heather Clay ("Clay"), and a representative of Defendant's Human Relations Department.

31. On or about October 3, 2022, Plaintiff was terminated from her position by Defendant University.

32. Defendant Miller made the decision to terminate the Plaintiff's employment. Defendant Miller's actions were motivated not by any policy of Defendant Duquesne, but rather by the

Plaintiff's age and/or sex and/or a desire to retaliate against the Plaintiff for complaining of discrimination.

33. The reason given for the Plaintiff's termination was the public Instagram comment, as more fully described hereinbefore above.

34. The reason provided by the Defendant for the Plaintiff's termination is pretextual and unworthy of belief.

35. Prior to the Plaintiff's termination, Plaintiff had never been disciplined or reprimanded by Defendant University and had received only positive performance reviews during her entire 17-year employment with Defendant University.

36. Moreover, younger, less experienced employees and/or male employees have engaged in wrongdoing and unethical conduct and routinely violate Defendant University's policies.

37. Defendants University and/or Miller are aware of those violations by less qualified, less experienced, younger employees and/or male employees, but do not discipline and/or formally reprimand those employees.

38. By way of example, Melissa Krebs ("Krebs") and Adam Viers ("Viers"), violated Defendant University's policies, including, but not limited to, deceiving a donor and falsifying University records.  Ms. Krebs and Mr. Viers were not reprimanded in any way for that conduct, despite Defendant's actual knowledge of that conduct through various reports.

39. Plaintiff believes, and therefore avers, that she was terminated by Defendant University based on her age, 63, and/or sex, female.

40. Plaintiff also believes, and therefore avers, that she was terminated by Defendant University in retaliation for engaging in a protected activity, to wit, complaining of age and/or sex discrimination, as more fully described hereinbefore above.

41. As a direct and proximate result of the Defendants' actions, Plaintiff has been adversely affected, both financially and professionally.

42. Plaintiff believes, and therefore avers, that Defendants' conduct is part of a plan, pattern or practice of discrimination that may affect similarly situated employees.

COUNT I:

PLAINTIFF v. DEFENDANT UNIVERSITY

ADEA – AGE DISCRIMINATION

43. Plaintiff incorporates by reference Paragraphs 1 through 42 as though fully set forth at length herein.

44. As described hereinbefore above, Plaintiff was subjected to discrimination in that she was treated less favorably than younger and less experienced employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq.*, and terminated by Defendant University based on her age.

45. As a result of Defendant University's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by Defendant University, its managers, supervisors, employees, agents, attorneys and other officials.

46. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by Defendant University and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from Defendant University's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

47. Defendant University's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring Defendant University's actions to be unlawful and violative of the ADEA;

    b.    that the Court award the Plaintiff back pay, pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.    that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

    d.    that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

    e.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

    f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

## COUNT II:

## <u>TITLE VII - SEXUAL (GENDER) DISCRIMINATION</u>

48. Plaintiff incorporates by reference Paragraphs 1 through 47 as though fully set forth at length herein.

49. Plaintiff was discriminated against based upon her sex in that she was treated in a manner which is different than and disparate to that of male employees, as described hereinbefore above, and terminated based on her sex, female, as more fully described hereinbefore above.

50. As a direct result of the Defendant University's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

51. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

52. The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

53. The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

    b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.      that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

    d.      that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

    e.      that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

    f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT UNIVERSITY

<u>RETALIATION</u>

54. Plaintiff incorporates by reference Paragraphs 1 through 53 as though fully set forth at length herein.

55. As more fully described hereinbefore above, Plaintiff believes, and therefore avers, that she was terminated by Defendant University in retaliation for engaging in a protected activity, to wit, making formal complaints of age discrimination and/or sex discrimination, as more fully described hereinbefore above.

56. As a direct result of Defendants' discriminatory actions, and in violation of Title VII, Plaintiff has lost wages and other economic benefits of his employment with Defendant University. In addition, the Plaintiff has and/or will incur counsel fees and other costs in

pursuing her legal rights. Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

57. The actions on the part of Defendant University, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring Defendant University actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of Defendant University violation of the Civil Rights Act of 1991;

d. that the Court order Defendant University to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order Defendant University to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for Defendant University's discriminatory conduct;

e. that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

## COUNT IV:

## PLAINTIFF v. DEFENDANTS UNIVERSITY and MILLER

## PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates Paragraphs 1 through 57 as though fully set forth at length herein.

59. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, *et seq*. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

60. As described hereinbefore above, the Defendants discriminated against the Plaintiff and terminated the Plaintiff based on her age and/or sex.

61. As more fully described hereinbefore above, Plaintiff believes, and therefore avers, that she was terminated in retaliation for engaging in a protected activity, to wit, making formal complaints of age discrimination and/or sex discrimination, as more fully described hereinbefore above.

56. By discriminating against the Plaintiff without just cause or legal excuse and solely because of her sex and/or age and by permitting the discrimination against the Plaintiff as aforementioned, Defendant University has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon sex and/or age with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

57.     As a direct result of the Defendants' discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendants. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

58.     As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendants' discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature.  Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

59.     The actions on the part of the Defendants, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

   WHEREFORE, Plaintiff requests the following:

   a.   that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative the PHRA

   b.   that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

   c.   that the Court  award the Plaintiff compensatory and punitive damages as a result of the Defendants' actions being unlawful and violative of the PHRA;

   d.   that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

   e.   that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

  f.  that the Court grant the Plaintiff such additional relief as may be just and proper.

                    JURY TRIAL DEMANDED

                Respectfully submitted,

                LAW OFFICES OF JOEL SANSONE

                s/ Joel S. Sansone
                Joel S. Sansone, Esquire
                PA ID No. 41008
                Massimo A. Terzigni, Esquire
                PA ID No. 317165
                Elizabeth A. Tuttle, Esquire
                PA ID No. 322888
                *Counsel for Plaintiff*

                Law Offices of Joel Sansone
                Two Gateway Center, Suite 1290
                603 Stanwix Street
                Pittsburgh, Pennsylvania 15222
                412.281.9194

Dated: October 12, 2023